IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

## MICHAEL LINDSEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 88-03169     Carolyn Wade Blackett, Judge**

---

**No. W2006-02518-CCA-R3-PC  - Filed September 18, 2007**

---

The petitioner, Michael Lindsey, appeals the denial of his petition for writ of error coram nobis and the denial of his petition for post-conviction relief. Because the petitioner has failed to allege appropriate grounds for coram nobis relief and because his petition for post-conviction relief is procedurally barred, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and D. KELLY THOMAS, JR., JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Michael Lindsey.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1989, the petitioner was convicted of second degree murder for the 1985 shooting death of the victim. He was sentenced in February 1989 to a Range II sentence of seventy years' incarceration. On direct appeal to this Court, the petitioner challenged the sufficiency of the evidence and the trial court's ruling that the State would be permitted to use his prior convictions as impeachment evidence if he chose to testify. *See State v. Michael Lindsey*, No. 35, slip op. at 2-5 (Tenn. Crim. App., Jackson, Feb. 21, 1990). This Court affirmed and the petitioner did not file an application for permission to appeal to our supreme court. *Id.*, slip op. at 5. The petitioner filed petitions for post-conviction relief in 1993 and in 2003, both of which were denied. *See Michael Lindsey v. State*, No. W2004-01169-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Jackson, Apr. 25, 2005). Then, in January 2004, the petitioner filed a pro se petition for post-conviction DNA testing pursuant to the Post-Conviction DNA Analysis Act of 2001. *See id.*, slip op. at 2. The post-conviction court denied the petition on the basis that the petitioner had failed to satisfy the statutory

grounds for testing, and this Court affirmed. *Id.* Subsequently, in July 2005, the petitioner filed a petition for writ of error coram nobis "and/or" post-conviction relief. The petitioner, who was represented by counsel, alleged that his seventy-year sentence is "illegal, void, and voidable" because he was sentenced under the 1982 Sentencing Act rather than the 1989 Sentencing Act. He also alleged that the sentence violated his constitutional rights because the trial court utilized enhancement factors that were essential elements of the crime and because the enhancement factors used by the trial court were not submitted for determination by a jury.

In this appeal, the petitioner asserts that he is entitled to either coram nobis or post-conviction relief because he should have been sentenced under the 1989 Sentencing Act. In criminal cases, the statute of limitations for a petition seeking a writ of error coram nobis is one year. *See* T.C.A. §§ 40-26-105(a); 27-7-103 (2000); *see also State v. Mixon*, 983 S.W.2d 661, 666-67 (Tenn. 1999). Moreover, the grounds for coram nobis relief are narrow:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b). In this case, the petitioner filed the petition for writ of error coram nobis well outside the one year statute of limitations. Dismissal of the petition would have been warranted on this basis alone. Further, the petitioner's claim that his sentence is illegal, even if true, would not be a proper basis for coram nobis relief. Thus, the trial court did not err by denying the petition for writ of error coram nobis.

In the alternative, the petitioner sought relief under the Post-Conviction Procedure Act. Under that act, relief is available "when the conviction or sentence is void or voidable because of the abridgment of any" constitutional right. T.C.A. § 40-30-103 (2003). Although the original Post-Conviction Procedure Act of 1967 did not include a statute of limitations, the General Assembly adopted a three-year statute of limitations in 1986. *See id.* § 40-30-102 (repealed 1995). In 1995, the Post-Conviction Procedure Act was amended to include a one-year statute of limitations. *Id.* § 40-30-102(a) (2003). Accordingly, a petition for post-conviction relief is time-barred in this case. Moreover, the Post-Conviction Procedure Act specifically provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." *Id.* § 40-30-102(c). This being the petitioner's third petition for post-conviction relief, it is procedurally barred.

Finally, even if the petition for post-conviction relief was not procedurally barred, the petitioner would not be entitled to post-conviction relief. As indicated, the petitioner's sentence was imposed in February 1989. The petitioner relies on Tennessee Code Annotated section 39-11-112

to support his claim that he should have been sentenced under the 1989 Act. Code section 39-11-112 provides:

> Whenever a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

*Id*. § 39-11-112. Tennessee Code Annotated section 40-35-117 provides that "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of this chapter." *Id*. § 40-35-117. Although the petitioner committed his crime between July 1, 1982, and November 1, 1989, he was sentenced before November 1, 1989. Under the plain language of the statute, he was not entitled to sentencing under the 1989 Act. Thus, his sentence is not illegal, and his judgment is not void.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE